UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>This document relates to:<br><br>*Track 8 - 1:18-op-45817-DAP*<br>*Track 9 - 1:18-op-45274-DAP*<br>*Track 10 - 1:19-op-45346-DAP* | MDL No. 2804<br><br>Case No. 17-md-2804<br><br>Judge Dan Aaron Polster |

## MOTION FOR STAY
## OF ALL PROCEEDINGS RELATED TO KROGER IN MDL TRACKS 8 – 10

The Kroger Co., Kroger Limited Partnership I, and Kroger Limited Partnership II, Kroger Texas LP and Harris Teeter, LLC, f/k/a Harris Teeter, Inc. f/k/a RDK Investment Company and Harris Teeter Supermarkets, Inc. (collectively "Kroger"), respectfully move this Honorable Court for a Stay of All Proceedings related to Kroger in MDL Tracks 8 – 10 including scheduled and requested depositions.

In support, Kroger asserts:

1.  The parties have provided Notice to this Court that Kroger has reached an agreement in principle with State AGs, Tribes and MDL plaintiffs to resolve all pending opioid litigation within the states where Kroger does business. This resolution is subject to the parties reaching agreement on all the other terms and will include a period for plaintiffs to obtain opt-in.

16107662.1

2. As was stipulated with regard to CVS, Walgreens and Walmart in November 2022,[1] Kroger moves the Court to stay MDL Tracks 8-10 as to Kroger during the opt-in process until settlements are finalized or for at least a period of 90 days.  This stay is warranted to avoid unnecessary litigation on the part of plaintiffs and Kroger.

3. Specifically, Kroger moves to stay all pending deadlines and agreed extensions in MDL Tracks 8-10[2] and all depositions whether scheduled or not.  Plaintiffs had previously requested 4 depositions of Kroger witnesses which were scheduled to take place in September after the settlement was announced.  In light of the settlement and to conserve resources, Kroger cancelled the depositions so that the parties could discuss a stay while the settlement is being finalized.  Kroger has been in discussions with plaintiffs' counsel and has been advised that plaintiffs' leadership will not agree to a stay at this time.  Kroger requested a 120-day extension of all deadlines in tracks 8-10 stay of the MDL litigation with the hope that within that time period the parties would finalize their agreement and plaintiffs' leadership would then agree to a stay until a dismissal order could be entered.  Plaintiffs would not agree.

4. The parties did agree to extend certain deadlines for approximately 60 days and that agreement is in part related to weather-related postponement of a Publix deposition in Track 8.  The Court recently entered an Order to that effect.

5. The 60-day extension of deadlines does not stop the litigation as to Kroger.  Rather, with an expert disclosure deadline looming on November 30, 2023, plaintiffs have

---

[1] *See*, *Stipulated Order Entering Stay and Modifying Track 7 Deadlines as to CVS, Walgreens and Walmart* dated November 22, 2022 (Dkt. No. 4759).  The Court will recall that the deadlines in tracks 7-10 were staggered at first so later stipulations/orders were entered staying tracks 9 and 10.  *See*, *Stipulated Order Entering Stay and Modifying Track 9 Deadlines* dated December 9, 2022 (Dkt. No. 4781) and *Stipulated Order Entering Stay and Modifying Track 10 Deadlines* dated December 21, 2022 (Dkt. No. 4795).  *See also*, *Agreed Motion Modifying Track 8 Deadlines* dated January 20, 2023 (Dkt. No. 4814) and non-document Order granting that motion on January 26, 2023.

[2] Kroger has not included Track 7 in this request for stay because discovery in Track 7 has ended.

requested again that Kroger reschedule the four depositions that had been scheduled to take place in September.

6. Furthermore, as it relates to Track 10, Kroger is the sole remaining defendant in that bellwether track. Some third-party discovery remains in Track 10 that will be unnecessary and will pose an unnecessary and avoidable burden to those third parties if and when Track 10 opts-in to the agreement in principle that has been reached between Kroger and plaintiffs.

7. Kroger respectfully requests a stay order to conserve litigation resources. This will enable the parties to focus their efforts on finalizing the settlement and memorializing the settlement agreement. As recognized by the Court with previous settlements, a litigation stay will not harm plaintiffs and in fact, will actually benefit plaintiffs. If the settlement is not fully consummated, the Court may lift the stay and the parties could continue to litigate, finishing any remaining tasks, like depositions that had been requested, but had not been completed.

Date: October 4, 2023

Respectfully submitted,

**Defendants The Kroger Co.,
Kroger Limited Partnership I,
Kroger Limited Partnership II,
Kroger Texas LP, and Harris Teeter,
LLC, f/k/a Harris Teeter, Inc. f/k/a RDK
Investment Company and Harris Teeter
Supermarkets, Inc.**

**By counsel,**

*s/ Ronda L. Harvey*
Ronda L. Harvey, Esq. (WVSB 6326)
Ashley Hardesty Odell, Esq. (WVSB 9380)
Fazal A. Shere, Esq. (WVSB 5433)
Jennifer B. Hagedorn, Esq. (WVSB 8879)
**BOWLES RICE LLP**
600 Quarrier Street
Charleston, West Virginia 25301
304-347-1100
rharvey@bowlesrice.com

ahardestyodell@bowlesrice.com
fshere@bowlesrice.com
jhagedorn@bowlesrice.com

4

16107662.1

**CERTIFICATE OF SERVICE**

I certify that on this 4th day of October, 2023, the foregoing document was filed using the Court's CM/ECF system which will electronically send a copy of the document to all counsel of record.

> *s/ Ronda L. Harvey*
> Ronda L. Harvey, Esq. (WVSB 6326)
> Ashley Hardesty Odell, Esq. (WVSB 9380)
> Fazal A. Shere, Esq. (WVSB 5433)
> Jennifer B. Hagedorn, Esq. (WVSB 8879)
> **BOWLES RICE LLP**
> 600 Quarrier Street
> Charleston, West Virginia 25301
> 304-347-1100
> rharvey@bowlesrice.com
> ahardestyodell@bowlesrice.com
> fshere@bowlesrice.com
> jhagedorn@bowlesrice.com
> *Counsel for Defendants The Kroger Co.,*
> *Kroger Limited Partnership I,*
> *Kroger Limited Partnership II, Kroger*
> *Texas LP and Harris Teeter, LLC, f/k/a*
> *Harris Teeter, Inc. f/k/a RDK Investment*
> *Company and Harris Teeter Supermarkets,*
> *Inc.*