UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION<br><br>*This document relates to:*<br>Track 8 – 1:18-op-45817<br>Track 9 – 1:18-op-45274<br>Track 10 – 1:19-op-45346 | MDL 2804<br>Case No. 17-md-2804<br>Hon. Dan Aaron Polster |

**CONSOLIDATED RESPONSE IN OPPOSITION TO
KROGER'S MOTION TO STAY CASE TRACKS 8-10**

The Plaintiffs' Executive Committee, together with Plaintiffs Cobb County, GA (CT8), Tarrant County, TX (CT9), and Durham County, NC (CT10), file this consolidated response in opposition to the Motion to Stay Case Tracks 8, 9, and 10 filed by the Kroger Co., Kroger Limited Partnership I, Kroger Limited Partnership II, Kroger Texas LP, Harris Teeter, LLC (f/k/a Harris Teeter, Inc. f/k/a RDK Investment Company, and Harris Teeter Supermarkets, Inc. (collectively "Kroger"). For the reasons discussed below, no stay of proceedings is warranted.

**I.  Legal standard for granting a motion to stay.**

"The authority of a federal court to stay proceedings is well-established." *Clark v. C.R. Bard, Inc.*, No. 4:18-CV-440, 2018 WL 3222642, at *1 (N.D. Ohio July 2, 2018) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). A district court's determination is reviewed for an abuse of discretion. *See F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014). The Court, however, "must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay."

*Ohio Envtl. Council v. U.S. Dist. Ct.*, 565 F.2d 393, 396 (6th Cir. 1977) (citing *Landis*, 299 U.S. at 254-55). The burden is on the movant to establish a "pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council*, 565 F.2d at 396. While there is no definitive test in the Sixth Circuit for determining when a stay is appropriate, courts often consider "the need for a stay, the balance of potential hardship to the parties and the public, and the promotion of judicial economy." *Ferrell v. Wyeth-Ayerst Labs., Inc.*, No. 1:01-cv-447, 2005 WL 2709623, at *1 (S.D. Ohio Oct. 21, 2005); *see also C.R. Bard, Inc.,* 2018 WL 3222642, at *1.

## II. A stay of proceedings is not warranted and would disrupt the ongoing litigation in Case Tracks 8, 9, and 10.[1]

As an initial matter, Plaintiffs will respond to the Court's October 5, 2023 order regarding Kroger's motion to stay. At present, no final settlement agreement between Kroger and Plaintiffs has been signed. Moreover, the proposed settlement agreement does not include a specific allocation for the bellwether plaintiffs. Until there is a specific allocation to those bellwether plaintiffs, it is not possible to get a commitment from them regarding whether they will participate in the Kroger settlement.

The Court's order goes right to the heart of Kroger's request and underscores why a stay is not warranted at this time. Although Kroger announced that it agreed to terms

---

[1] Kroger's motion also violates the Court's Case Management Order 1 (MDL Doc. 232), which states "No party may file any motion not expressly authorized by this Order absent further Order of this Court or express agreement of the parties." Para. 6(g).

on a global settlement a month ago[2], the terms of the settlement have not been finalized and no settlement agreement has been signed. As this Court well knows, there have been numerous occasions during the course of this litigation where the parties have appeared close to reaching a settlement agreement, but finalization of the agreement took substantial time to complete. Even Kroger only describes the current status as an "agreement in principle." (Mot. at 1).

But more importantly, as noted above, none of the bellwether plaintiff counties are able to evaluate whether they will participate in any settlement with Kroger because the global deal currently being discussed does not include a specific allocation for those plaintiffs' cases. Kroger is one of two remaining defendants in the CT8 case (the other is Publix) and in the CT9 case (the other is Albertsons), and Kroger is the only remaining defendant in the CT10 case. If the Court were to stay proceedings in the CT8 and CT9 cases as to Kroger only, that would disrupt and delay the process of those cases moving toward remand and trial in the event those counties choose not to settle with Kroger.

For example, the Court recently modified (at the parties' request) the Case Management Order for Case Tracks 8 and 10, extending various upcoming deadlines and making them consistent with the deadlines for Case Track 9 (MDL Doc. 5202). The next deadline under that amended case management order is for Plaintiffs to complete their expert report disclosures, on November 30, 2023. If the Court stays proceedings against

---

[2] "Kroger Agrees to Pay $1.2 Billion to Settle Opioid Claims," The New York Times, Sept. 8, 2023, available at https://www.nytimes.com/2023/09/08/business/kroger-opioid-settlement.html (accessed on 10/9/2023).

3

Kroger for 90 days as Kroger requests, must Plaintiffs' expert reports in CT 8 and CT9 address Kroger's liability in addition to Publix (CT8) and Albertsons (CT9)?

Additionally, there are ongoing discussions with the state Attorneys General regarding the Kroger settlement and the methodology to be used for allocation of the settlement proceeds. The AGs are seeking to utilize a different state by state allocation methodology than what has been used previously, which may impact participation in a Kroger settlement. If the Court stays proceedings against Kroger and the deal ultimately flounders, the bellwether remand process will have been unnecessarily delayed.

Finally, Kroger's stated basis for its request, "to conserve litigation resources," is disingenuous at best. Kroger could have settled the claims against it long ago, but it chose to continue litigating long after the other defendants – including the chain pharmacy defendants Walgreens, CVS, and Walmart – agreed to global settlements. Moreover, considering the uncertainty of whether a settlement will ultimately be finalized, and in particular the uncertainty of whether the bellwether counties will opt in to the settlement, it is unlikely that any litigation resources will be conserved even if the Court grants the stay. Considering the magnitude and importance of this litigation, it is not unreasonable for Kroger to continue on the dual tracks of litigating the bellwether case tracks while it seeks to finalize the terms of a global settlement. It is quite unreasonable, however, for Kroger to ask that it be excused from those proceedings based on the uncertain outcome of its proposed settlement.

For these reasons, the PEC and the Plaintiffs in Case Tracks 8, 9, and 10 respectfully request that the Court deny Kroger's motion to stay.

4

Dated: October 12, 2023

Respectfully submitted,

*Plaintiffs' Co-Lead Counsel*

  /s/ Jayne Conroy
Jayne Conroy
SIMMONS HANLY CONROY
112 Madison Avenue, 7th Floor
New York, NY 10016
(212) 784-6400
jconroy@simmonsfirm.com

Joseph F. Rice
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC  29464
(843) 216-9000
(843) 216-9290 (Fax)
jrice@motleyrice.com

Paul T. Farrell, Jr., Esq.
FARRELL & FULLER LLC
1311 Ponce de Leone Ave., Suite 202
San Juan, PR  00907
(304) 654-8281
paul@farrellfuller.com


*Plaintiffs' Liaison Counsel*

  /s/ Peter H. Weinberger
Peter Weinberger
SPANGENBERG SHIBLEY & LIBER, LLP
1001 Lakeside Avenue, E, Suite 1700
Cleveland, OH 44114
(216) 696-3232
(216) 696-3924 (Fax)
pweinberger@spanglaw.com

**Counsel for Cobb County, GA (CT8):**

| | |
|---|---|
| Jayne Conroy<br>SIMMONS HANLY CONROY LLP<br>112 Madison Avenue, 7th Floor<br>New York, NY 10016<br>(212) 784-6400<br>jconroy@simmonsfirm.com | Sarah S. Burns<br>Jo Anna Pollock<br>SIMMONS HANLY CONROY LLP<br>One Court Street<br>Alton, IL 62002<br>(618) 259-2222<br>sburns@simmonsfirm.com<br>jpollock@simmonsfirm.com |
| Erin K. Dickinson<br>Charles J. Crueger<br>Krista K. Baisch<br>CRUEGER DICKINSON LLC<br>4532 N. Oakland Avenue<br>Whitefish Bay, WI 53211<br>(414) 210-3868<br>ekd@cruegerdickinson.com<br>cjc@cruegerdickinson.com<br>kkb@cruegerdickinson.com | COBB COUNTY ATTORNEY'S OFFICE<br>H. William Rowling, Jr.<br>County Attorney<br>Lauren Bruce<br>Assistant County Attorney<br>100 Cherokee Street, Suite 300<br>Marietta, GA 30090<br>(770) 528-4000<br>H.William.Rowling@cobbcounty.org<br>Lauren.Bruce@cobbcounty.org |

**Counsel for Tarrant County, TX (CT9):**

| | |
|---|---|
| W. Mark Lanier<br>THE LANIER LAW FIRM<br>10940 W. Sam Houston Parkway N.<br>Houston, TX 77064<br>(713) 659-5200<br>mark.lanier@lanierlawfirm.com | Evan Janush<br>THE LANIER LAW FIRM<br>535 Madison Ave., 12th Floor<br>New York, NY 10022<br>(212) 421-2800<br>evan.janush@lanierlawfirm.com |
| Tom Hall<br>THE LAW OFFICES OF TOM HALL<br>2605 Airport Freeway, Suite 100<br>Fort Worth, TX 76111<br>docket@opioidcounsel.com | |

**Counsel for Durham County, NC:**

Michael J. Fuller, Jr.
Paul T. Farrell, Jr.
FARRELL & FULLER, LLC
1311 Ponce de Leon Ave., Suite 202
San Juan, Puerto Rico 00907
(939) 293-8244
mike@farrellfuller.com
paul@farrellfuller.com

Paul D. Coates
PINTO, COATES, KYRE & BOWERS
3203 Brassfield Rd.
Greensboro, NC 27410
(336) 282-8848
pcoates@pckb-law.com

Russell W. Budd
Christine C. Mansour
BARON & BUDD, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219
(214) 521-3605
rbudd@baronbudd.com
cmansour@baronbudd.com

J. Burton LeBlanc, IV
BARON & BUDD, P.C.
2600 Citiplace Drive
Baton Rouge, LA 70808
(225) 927-5441
bleblanc@baronbudd.com

Mark P. Pifko
BARON & BUDD, P.C.
15910 Ventura Blvd. #1600
Encino, CA 91436
(818) 839-2333
mpifko@baronbudd.com

Peter J. Mougey
LEVIN, PAPANTONIO, RAFFERTY,
PROCTOR, BUCHANAN, O'BRIEN,
BARR, MOUGEY P.A.
316 S. Baylen Street
Pensacola, FL 32502
(850) 435-7000
pmougey@levinlaw.com

James C. Peterson
HILL, PETERSON, CARPER, BEE &
DEITZLER, PLLC
NorthGate Business Park
500 Tracy Way
Charleston, WV 25311
(304) 345-5667
jcpeterson@hpcdb.com

Anthony J. Majestro
POWELL & MAJESTRO, PLLC
405 Capitol Street, Suite P-1200
Charleston, WV 25301
(304) 346-2889
amajestro@powellmajestro.com

| | |
|---|---|
| Donald R. Vaughan<br>DONALD R. VAUGHAN AND ASSOCIATES<br>612 W. Friendly Avenue<br>Greensboro, NC 27401<br>(336) 273-1415<br>don.vaughan@vaughanlaw.com | James D. Williams<br>THE LAW OFFICES OF JAMES D. WILLIAMS, JR., P.A.<br>3200 Croasdaile Drive, Suite 604<br>Durham, NC 27705<br>(919) 382-8115<br>attyjdw@aol.com |
| George B. Daniel, Esq.<br>GEORGE B. DANIEL, P.A.<br>139 E. Main Street<br>Yanceyville, NC 27401<br>(336) 694-5473<br>gdaniel@danielthomaslaw.com | A. Leon Stanback, Jr.<br>A. LEON STANBACK, JR., ATTORNEY AT LAW<br>4011 Crown Hill Drive<br>Durham, NC 27707<br>(919) 614-6062<br>lstanback@aol.com |

**CERTIFICATE OF SERVICE**

    I hereby certify that on October 12, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Copies will be served upon counsel of record by, and may be obtained through, the Court's CM/ECF system.

                                                    */s/ Peter H. Weinberger*
                                                    Peter H. Weinberger