**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION | ) ) ) | CASE NO. 1:17-MD-2804 |
| THIS DOCUMENT RELATES TO: | ) ) | **Judge Dan Aaron Polster** |
| *Case Track 9: Tarrant Cty., Texas v. Purdue Pharma, L.P.*, No. 18-op-45274 | ) ) ) ) ) ) | **ORDER DENYING MOTION FOR INTERLOCUTORY APPEAL WITHOUT PREJUDICE** |

Defendant Albertsons moves for certification to pursue interlocutory appeal of this Court's Order denying Albertsons' earlier motion for summary judgment. Docket no. 5956. Plaintiff Tarrant County filed a response opposing interlocutory appeal, docket no. 5997, and Albertsons filed a reply, docket no. 6011. For the reasons stated below, the Court **DENIES** Albertsons' motion for certification to pursue interlocutory appeal, without prejudice.

## I. Procedural History.

In this bellwether case, plaintiff Tarrant County, Texas sued Albertsons and several other defendants for their role in allegedly causing and contributing to harms stemming from the opioid epidemic. The Court severed various claims and defendants, *see* docket no. 3750 at 2-3, and some defendants then settled. Ultimately, this narrowed the focus of litigation to include only the County's public nuisance claim, and only against Albertsons.

Albertsons moved for summary judgment, advancing "two reasons why Tarrant County lacks standing to bring its public nuisance claims." Summary Judgment Order at 1 (docket no 5921). "First, Albertsons assert[ed] Tarrant County lacks Article III standing. Second, Albertsons assert[ed] Tarrant County lacks statutory authorization from the Texas Legislature to bring a lawsuit against Albertsons to abate an alleged public nuisance stemming from the sale of prescription opioids." *Id.* at 1-2. The Court found "neither argument persuasive" and denied the motion for summary judgment. *Id.* at 2.

Because this ruling brought to a close all pending pretrial proceedings, the Court filed a suggestion of remand, recommending that the Judicial Panel on Multidistrict Litigation ("MDL Panel") remand the case to the transferor court, pursuant to Rule 10.1(b)(i) of the MDL Panel Rules of Procedure. *See* docket no. 5928. Albertsons, however, filed an opposition to the Court's suggestion, explaining it "seeks to delay remand of the present action to allow Albertsons time to exercise its appellate rights to have an appellate court review the transferee court's potentially outcome determinative ruling denying Albertson's motion for summary judgment." Case no. TXN/3:18-cv-00518, docket no. 11-1 at 2 (JPML); *see id.* ("The Panel should vacate the Conditional Remand Order and stay transfer of the County's public nuisance claim until disposition of Albertsons' interlocutory appeal."). Thus, this Court's ruling on Albertsons' instant motion for interlocutory appeal will be helpful to the MDL Panel's decision regarding the suggestion of remand.

Before turning to the merits of Albertsons' present motion, it is worth noting that, on the same day that Albertsons moved for summary judgment, Albertsons *itself* also moved for a suggestion of remand to the transferor court. Albertsons argued in August of 2024 that immediate remand was appropriate so that the ***transferor court*** could rule on its summary judgment motion,

rather than this Court. In support, Albertsons observed that the transferor court would have more familiarity with Texas law. *See* docket no. 5611 at 6 (remand would "allow[] a Texas judge to decide issues of Texas law"). The undersigned acknowledged Albertsons offered good argument. *See* docket no. 5615 at 2 ("Albertsons supplies good reasons why the Court should exercise its discretion to suggest remand now, and Tarrant County supplies good reasons why the Court should exercise its discretion to first rule on the pending motion for summary judgment . . . ."). The Court ultimately denied Albertsons' motion for suggestion of remand, however, because this Court "is far more knowledgeable about the factual context that forms the backdrop, if not the very substance, of Tarrant County's public nuisance claim," and also because this Court is "determined to shoulder the burden of all MDL cases as much as reasonably possible," rather than sending pretrial matters to other federal judges. *Id.* at 3 (cleaned up).

**II.    Analysis.**

Albertsons and Tarrant County present arguments in their briefs regarding the propriety of certifying an interlocutory appeal. A critical issue that neither party addresses, however, is this: assuming interlocutory appeal is appropriate, which Court of Appeals should hear the matter? In other words, should ***the undersigned*** decide the motion for certification of interlocutory appeal, which if granted would send the issue to the Sixth Circuit; or should ***the transferor court*** decide the motion for certification of interlocutory appeal, which if granted would send the issue to the Fifth Circuit?

The general rule is that the appellate court overseeing the transferor court undertakes appellate review of MDL cases: "Although the multidistrict statute does not say which court of

appeals has jurisdiction over appeals from orders by the district court to which a case is transferred, most cases hold that it is the court of appeals covering the transferee court rather than the one covering the transferor court." *FMC Corp. v. Glouster Eng'g Co.*, 830 F.2d 770, 771 (7th Cir. 1987). An exceptional circumstance may arise, however, "when [interlocutory] appeal is taken under section 1292(b)." *Id.* at 772. This is because

> "[t]he court that will have jurisdiction over any appeal from a judgment entered ***after trial*** [here, the Fifth Circuit] is in a better position to make a responsible choice between appeal now and appeal later than a court that will not hear an appeal later [here, the Sixth Circuit] because if the case is tried it will lose appellate jurisdiction.

*Id.* (emphasis added).[1]

Thus, there certainly exist cases where appellate review of a ***transferee*** court's pretrial rulings were undertaken by the appellate court in the ***transferor*** court's Circuit. *See, e.g., McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 706 (5th Cir. 2014) (after the MDL transferee court in Tennessee granted partial summary judgment based on interpretation of Texas law, the case was remanded to the transferor court in Texas; the summary judgment ruling was eventually reviewed and affirmed by the Fifth Circuit Court of Appeals); *In re Ford Motor Co.,* 591 F.3d 406 (5th Cir. 2009) (Fifth Circuit granted mandamus relief and overturned the decision of the transferee MDL court, which was in the Seventh Circuit).

Here, this Court has ruled on Albertson's motion for summary judgment, and the parties agree there are no other pretrial matters pending for this Court to address—the last deadline in the

---

[1] The *FMC* court concluded that, in the circumstances presented, other considerations weighed in favor of appellate review by the Circuit overseeing the MDL transferee court, *id.* at 772, but none of those factors apply in this case. Further, the order at issue in *FMC* was a motion to dismiss, so that any further proceedings would be in the transferee court; here, all further proceedings will be in the transferor court.

Case Management Order has passed, leaving the parties to try the case.[2] This normally makes the case ripe for remand to the transferor court. *See* 28 U.S.C. §1407(a) (each MDL case "shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated"). After remand, all remaining issues would normally be decided by the transferor court, and appealed to the Fifth Circuit.

In its present motion, Albertsons argues that: (1) when this Court denied its motion for summary judgment, the Court misconstrued and misapplied Texas law; and (2) it can present via interlocutory appeal pure legal issues that could lead to the opposite outcome. Albertsons also maintains its position that "Plaintiff's public nuisance claims . . . are claims brought pursuant to Texas state law, and therefore, it would be appropriate for a ***Texas*** court to decide them." Reply at 2 (docket no. 6011) (emphasis added).

This Court believes that: (1) the transferor court is now better positioned than the MDL court to weigh the merits of a motion for certification to pursue interlocutory appeal of the Texas law

---

[2] In its reply brief, Albertsons acknowledges this case "must [eventually] be remanded to the Northern District of Texas," and asserts "a new schedule must be set there to allow for pre-trial motions." Reply at 9 (docket no. 6011). It is unclear what Albertsons refers to. It cannot be *Daubert* motions—the deadline for those has passed. *See* docket no. 5330 at 1. The parties will probably seek to file motions *in limine*, but it is worth noting that this Court has already ruled on scores of such motions in prior bellwether trials, so the burden on the trial court in this case of ruling on evidentiary motions should be low. The point of this footnote is that, while the parties may seek on remand "a schedule for pretrial motions," this Court has done its best to "conclu[de] [all] pretrial proceedings," 28 U.S.C. §1407(a), so that there will be very few such motions on the trial court's schedule.

issues presented;[3] (2) the Fifth Circuit is equally or better positioned than the Sixth Circuit to determine whether to accept interlocutory appeal of the Texas law issues presented; and (3) the Fifth Circuit is equally or better positioned than the Sixth Circuit to determine whether to certify any questions of Texas law to the Texas Supreme Court.[4]

Accordingly, the Court **DENIES** Albertsons' motion for interlocutory appeal, without prejudice, concluding that the motion is better presented to the transferor court on remand.

**IT IS SO ORDERED.**

/s/ *Dan Aaron Polster*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

**Dated:** March 19, 2025

---

[3] This Court earlier stated that, when assessing a motion for summary judgment, it "is equally able to assess questions of Texas state law as is the transferor court." Docket 5615 at 3. This Court believes that the propriety of interlocutory appeal, in contrast, is better measured by the transferor court, which will actually try the case.

[4] Albertsons notes that, on defendants' direct appeal from final judgment in the Track Three bellwether case, "the Sixth Circuit *sua sponte* certified a question" regarding Ohio law to the Ohio Supreme Court. Motion at 2 n.1 (docket no. 5956).